IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN K. RICHARDSON, | No. 2:14-cv-0244-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| D. K. JOHNSON, | |
|     Respondent. | |
| _____ / | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

      Petitioner raises just one claim in her petition for habeas relief, that the sentencing court imposed an unauthorized restitution fine.  The federal habeas statute does not provide

jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. See Bailey v. Hill, 599 F.3d 976, 980 (9th Cir .2010).  A challenge to a restitution order is not a challenge to the fact or duration of her custody.  Section 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution order.  See id. at 981.  Section 2254 "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 980.

Petitioner's only challenge in her petition is the restitution fines imposed.  She does not claim that her custody or conviction is unlawful; she does not allege that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Thus, this court does not have jurisdiction to grant petitioner the relief she has requested.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why her petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: February 23, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE